On Application for Rehearing

PITTMAN, Judge.
This court’s no-opinion affirmance of September 29, 2006, is withdrawn, and the following opinion is substituted therefor.
Ronald L. Cook and Sherry W. Cook appeal from a summary judgment entered in favor of the City of Columbiana (“the City”), the City’s mayor, the members of the City’s city council, and the public-works director for the City in a zoning dispute.
In August 1990, the Cooks purchased a parcel of property that had been operating as a mobile-home park and that was located within the City’s geographic limits. At that time, the parcel had been zoned “B-2 commercial” following its annexation into the city limits, a designation that prohibits the use of mobile homes. The City’s zon *837 ing ordinance contains a “grandfather clause” that specifies:
“Any use or structure which does not conform to the provisions of the [zoning] ordinance shall not be:
“a. Changed to another nonconforming use;
“b. Reestablished after discontinuance for one year;
“c. Extended except in conformity to this ordinance;
“d. Rebuilt after fire or damage exceeding its full value about the foundation for tax purposes.”
In 2004, the Cooks removed all but one of the mobile homes from their parcel; before replacing those mobile homes, Mr. Cook requested building permits from Lewis H. King, Jr., the City’s director of public works. King informed Cook that because the City’s zoning ordinance prohibited mobile-home parks in districts that had been zoned “B-2 commercial” King could not issue building permits to allow any newly placed mobile homes on the parcel to connect to the city’s sewer system.
Subsequently, the Cooks filed a complaint in the Shelby Circuit Court on October 29, 2004, requesting that the court enter a judgment declaring their right to continue to use their property as a mobile-home park; additionally, the Cooks’ complaint alleged that the defendants had violated their civil rights under color of state law by barring what the Cooks claimed was a lawful nonconforming use of their property and requested an award of damages and attorney fees pursuant to 42 U.S.C. §§ 1983 and 1988.[1] The City filed a motion for a summary judgment asserting, among other things, that the Cooks had failed to exhaust their administrative remedies before seeking relief in the circuit court. The trial court granted the City’s summary-judgment motion on June 27, 2005. The Cooks filed a postjudgment motion; that motion was denied on October 7, 2005, and the Cooks appealed to the Alabama Supreme Court, which transferred the appeal to this court, pursuant to § 12-2-7(6), Ala.Code 1975.
The Cooks raise three issues on appeal: (1) whether the trial court erred in determining that the Cooks had failed to exhaust administrative remedies before filing the declaratory-judgment action, (2) whether the Cooks possess an enforceable right to operate the mobile-home park as a legal nonconforming use, and (3) whether the Cooks possess a vested right to operate a mobile-home park on their parcel regardless of the City’s zoning ordinance. Because the proper resolution of the first issue is dispositive of the appeal, we will not address the other issues raised by the Cooks.
The Cooks assert that they were not required to exhaust administrative remedies before filing the complaint that is the basis of this appeal. On the other hand, the City asserts that the Cooks had not applied for a variance[2] from the City’s Board of Zoning Adjustment (“the Board”) and had not sought judicial review of a denial of such an application, but rather had rushed to the courthouse, contrary to applicable law.
*838 The law is well settled in Alabama that “the general principle of ‘exhaustion of administrative remedies’ applies to zoning matters.” Budget Inn of Daphne v. City of Daphne, 789 So.2d 154, 157 (Ala.2000) (quoting City of Gadsden v. Entrekin, 387 So.2d 829, 833 (Ala.1980)). However, our Supreme Court has noted that certain exceptions exist to the general rule of exhaustion of remedies: “where (1) the question raised is one of interpretation of a statute or (2) the action raises only questions of law and not requiring administrative discretion or an administrative finding of fact.” Entrekin, 387 So.2d at 833. In addition, administrative remedies need not be exhausted when it would futile or the available remedy is inadequate, or when there is the threat of irreparable injury. Id.
None of those exceptions are present in this case. The Cooks filed their complaint asserting that King improperly denied the building permits to improve the mobile-home park; that decision was a matter of administrative discretion. The question whether the Cooks’ parcel would continue to be “grandfathered” was a finding of fact, not law, and the Cooks did not challenge King’s decision on constitutional or statutory grounds; thus, this case does not involve any of the referenced exceptions to Alabama’s exhaustion-of-remedies doctrine. To contest King’s decision, the Cooks should have sought review of the decision of the public-works director before the Board; if the Board had upheld King’s decision to deny the building permits after a hearing on the merits, then (and only then) could the Cooks properly have filed an action in the circuit court. Thus, we conclude that the Cooks’ failure to exhaust their administrative remedies bars this appeal.
Although we do not need to address the merits of the Cooks’ appeal because they failed to exhaust their administrative remedies before filing the action that is the basis of this appeal, we note that the Cooks would still be unsuccessful in their challenge based upon Alabama caselaw. “[A] municipality may establish a comprehensive land-use plan and effectuate that plan through a scheme of zoning regulations.” Budget Inn, 789 So.2d at 158. The parties agree that the Cooks’ mobile-home park was initially a legal nonconforming use that had been grandfathered under the City’s zoning ordinance. However, the City asserts that as soon as the Cooks removed all but one of the mobile homes from their parcel in 2004, the property lost its grandfathered status. We agree. In City of Foley v. McLeod, 709 So.2d 471 (Ala.1998), our Supreme Court held that the replacement of six mobile homes in a nonconforming mobile-home park was more than “merely remodeling or repairing a nonconforming structure” and thus violated the City’s zoning ordinance. McLeod, 709 So.2d at 473. Although the ultimate result in McLeod was to apply equitable estoppel to the City of Foley so as to allow the property owner to maintain the six new mobile homes on his parcel,[3] the underlying rationale of that decision still applies to the facts in this case.
In fact, the Cooks agree with the City that the reason they had requested building permits from King was to build additional sewer lines on their parcel in order to connect new and larger mobile homes to the City’s sewer system. Just as in McLeod, the attempt to expand or extend the nonconforming use was an attempt to change the nature of the parcel and was *839 therefore prohibited under the terms of the City’s zoning ordinance. After the Cooks’ parcel lost its grandfathered status under the zoning ordinance to continue as a nonconforming use, it was incumbent upon the Cooks to request a variance from the Board.
Again, the Cooks agree that they did not request a variance; instead, they filed the action from which this appeal was taken. Section 11-52-80, Ala.Code 1975, specifically authorizes municipal zoning boards of adjustment to hear and decide appeals when it is alleged that there has been an error in a decision made by an administrative official in the enforcement of a zoning ordinance, as well as to hear and decide special exceptions and variances from the terms of a zoning ordinance.
Based upon the facts, the applicability of § 11-52-80, and the caselaw, we conclude that the trial court did not err when it determined that the Cooks had failed to exhaust their administrative remedies and entered a summary judgment in favor of the City, the mayor, the councilmembers, and King. Based upon the foregoing facts and authorities, the summary, judgment in favor of the City, the mayor, the council-members, and King is due to be affirmed.
APPLICATION OVERRULED; NO-OPINION AFFIRMANCE OF SEPTEMBER 29, 2006, WITHDRAWN; OPINION SUBSTITUTED; AFFIRMED.
CRAWLEY, P.J., and THOMPSON and BRYAN, JJ., concur.
MURDOCK, J., concurs in the result, without writing.

. The Cooks' appellate brief does not address the civil-rights claim; therefore, that issue is deemed waived. See, e.g., Courtaulds Fibers, Inc. v. Long, 779 So.2d 198, 202 n. 1 (Ala.2000).

. A "variance” "requires a showing of unnecessary hardship and results from a request that the zoning authorities grant relief from the literal requirements of the zoning ordinances.” Ex parte Fairhope Bd. of Adjustment & Appeals, 567 So.2d 1353, 1355 (Ala.1990).

. We note that unlike the plaintiffs in City of Foley, the Cooks have not asserted that a municipal agent made misleading statements upon which they relied to their detriment.